# BERNSTEIN & GORDON LLP

Attorneys at Law
551 Fifth Avenue, 12th Floor
New York, New York 10176-1299
Telephone: (212) 748-4800; (917) 566-5246
E-mail: rbernstein@rjblaw.com

April 27, 2026 - updated May 1, 2026

*By Email to*
*FigueredoNYSDChambers@nysd.uscourts.gov*
The Hon. Valerie Figueredo
United States Magistrate Judge
U.S. District Court for the
   Southern District of New York
500 Pearl Street
New York, NY 10007

> **MEMO ENDORSED**
>
> HON. VALERIE FIGUEREDO
> UNITED STATES MAGISTRATE JUDGE
>
> **Dated: May 4, 2026**
>
> Fact discovery will conclude on **September 1, 2026**, in alignment with Judge Ho's Case Management Plan template. The parties are advised that the Court does not respond to e-mails and that letter motions must be filed on CM/ECF. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 22.

    Re:    Dinsmore Steele, LLC v. Cassandra Anderson, *et al.*
           Case No. 26-CV-582

Dear Magistrate-Judge Figueroa:

    This is a joint letter on behalf of plaintiff and defendants concerning the end date for fact discovery in Paragraph 6.A. of the Court's Case Management Plan. The parties' respective views as to the appropriate end date for fact discovery are below, and the parties request that this issue be resolved by the Court. With the end date for fact discovery date set, counsel anticipate being able to agree upon the other dates and will submit a proposed Case Management Plan on or before May 4, 2026.

Plaintiff's View:

    Plaintiff proposes a fact discovery end date of January 25, 2027. The parties have asserted several complex corporate claims and counterclaims, as well as a substantial number of affirmative defenses. To address all of these issues in document production, likely motions to compel, and depositions, including potential third-party depositions and/or subpoenas, will take some time, as well as scheduling between the parties over the summer and through the holiday season. Plaintiff believes the more prudent course is to allow the parties the time to address these issues, rather than unnecessarily increase the likelihood of a costly motion to extend

1

a truncated discovery schedule.

The manner in which Defendants' concern that a later date will "result[ ] in postponement of work" is addressed is the interim discovery dates already provided in the Court's Case Management Plan.

Defendants' View:

Defendants do not concur with the proposition that this case involves "complex corporate claims".  At its core, plaintiff's complaint asserts a New York common law cause of action for alleged breach of a promise not to compete, and the defendants' counterclaims allege non-payment of commissions.[1]  These are straightforward common law issues, notwithstanding the addition of one cause of action under the Defense of Trade Secrets Act.  Third-party discovery is not customary in this type of case because the parties' customers do not relish being brought into litigation.

Given these parameters, defendants propose a fact discovery end date of August 31, 2026.  This will permit document production in May and June and party depositions in July and August.  As noted, third-party depositions are unlikely. Should that change as the result of fact discovery, either party would be able to have an appropriate extension of the fact discovery deadline.

Defendants do not find it realistic to set a long time period for fact discovery as an approach to avoiding extension applications.  This is because a long timeframe, regrettably, inevitably results in postponement of work that has to be done.

Respectfully submitted,

*s/ John Ray*                    *s/ Roger Bernstein*

John Ray                     Roger J. Bernstein
*Counsel for Plaintiff*        *Counsel for Defendants*

---

[1] Plaintiff's complaint is currently sealed because it contains SSAN and bank account information not permitted under Fed. R. Civ. P. 5.2.  For this reason this letter was submitted by email on April 27, 2026 with a copy of plaintiff's unredacted complaint.  Because this is a public filing plaintiff's unredacted complaint is not attached.  However, it can be emailed again upon request.