BERNSTEIN & GORDON LLP
Attorneys at Law
551 Fifth Avenue, 12th Floor
New York, New York 10176-1299
Telephone: (212) 748-4800; (917) 566-5246
E-mail: rbernstein@rjblaw.com

MEMO ENDORSED

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: November 20, 2026**

The request for the appointment of a special master to oversee discovery is denied. Defendants have not demonstrated a need for a special master and it appears that the parties are discussing deposition dates for the remaining witnesses. The Clerk of Court is directed to terminate the gavel at ECF No. 48.

*E-Filed on PACER*
The Hon. Valerie Figueredo
United States Magistrate Judge
U.S. District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Dinsmore Steele, LLC v. Cassandra Anderson, *et al.*
Case No. 26-CV-582 (DEH (VF)

Dear Magistrate-Judge Figueredo:

We represent defendants Cassandra Anderson *et al.* in the above-referenced action. We respectfully write to request that the Court appoint a Special Master to supervise the remaining discovery and enforce a schedule for the completion of all outstanding discovery. The history of the discovery extensions – and plaintiff's failure to provide deposition dates even for the parties -- unfortunately demonstrates that direct supervision of discovery has become necessary.

On May 4, 2026, the Court ordered that "[f]act discovery will conclude on **September 1, 2026**, in alignment with Judge Ho's Case Management Plan template." ECF No. 23 (emphasis in original). Accordingly, the Court's Case Management Plan required the parties to complete depositions by August 31, 2026. ECF No. 25.

On August 19, 2026, after overruling plaintiff's objections to four document requests, the Court set a new discovery completion date of October 30, 2026. ECF No. 37. However, by September 30, 2026, plaintiff produced only some of the required documents. It predicted that it could produce the remaining documents in the week of October 26, 2026. Defendants therefore reluctantly acquiesced in a new discovery completion deadline of December 7, 2026. ECF Nos. 44 and 45. On

November 17th -- some three months after the Court's August 19, 2026 order – plaintiff produced an additional twenty-three pages of documents.

Despite the two extensions and the additional time afforded to plaintiff, discovery is far from complete. Most critically, plaintiff's counsel has failed or refused to provide dates for his own client's deposition and for defendants' depositions. His stated reason is that he must confer with his client before this can be done. Meanwhile he has stated that he requires up to seven hours for the deposition of a third-party witness on December 2, 2026 and December 4, 2026.

Plaintiff's continuing failure to provide deposition dates is particularly problematic given the approaching December 7, 2026 discovery deadline. Defendants should not be required to incur further delay resulting from plaintiff's failure to comply with the Court-ordered discovery schedule. The Court has already provided plaintiff with multiple opportunities to complete its discovery obligations. Nevertheless, the outstanding discovery remains unresolved.

The multiple extensions of the discovery deadline and plaintiff's failure to provide deposition dates demonstrate that ordinary discovery scheduling has not been sufficient. Therefore, defendants respectfully request the appointment of a Special Master, pursuant to Fed. R. Civ. P. 53, in order to provide an effective means of bringing discovery to a conclusion without burdening the Court with day-to-day discovery supervision. The requested appointment is intended to ensure that the parties finally complete discovery in accordance with a firm and enforced schedule.

Defendants request that the Special Master be authorized to establish a binding schedule for the depositions of parties and third-party witnesses. A Special Master should also be authorized to address any discovery disputes on an expedited basis so that such disputes do not further delay completion of discovery.

Respectfully submitted,

*s/ Roger Bernstein*

Roger J. Bernstein
*Counsel for Defendants*

Cc. John Ray, Esq. (By ECF)
*Counsel for Plaintiff*